JUDGMENT

=================================================================



UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

- - - - - - - - - - - - - -

NO. 96-55794
CT/AG#: CV-94-04385-TJH

cr 82-719-TJH

UNITED STATES OF AMERICA

   Plaintiff - Appellee

v.

WILLIAM ROGER REAVES

   Defendant - Appellant

- - - - - - - - - - - - - - - - - - - -

   APPEAL FROM the United States District Court for the
Central District of California, Los Angeles .

   THIS CAUSE came on to be heard on the Transcript of the
Record from the United States District Court for the
Central District of California, Los Angeles
and was duly submitted.

   ON CONSIDERATION WHEREOF, It is now here ordered and
adjudged by this Court, that the judgment of the said
District Court in this cause be, and hereby is AFFIRMED.
Filed and entered July 18, 1997.



ENTERED ON ICMS _____ SEP 2 6 1997

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 1997

CATHY A. CATTERSON, CLERK
U.S COURT OF APPEALS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 96-55794 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. Nos. CV-94-04385-TJH |
| | ) | CR-82-00719-TH(RG)-1 |
| v. | ) | |
| | ) | |
| WILLIAM ROGER REAVES, | ) | MEMORANDUM* |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted July 14, 1997**

Before:   HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.

William Roger Reaves appeals pro se the district court's
denial of his 28 U.S.C. § 2255 motion. We review de novo. See
Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994). We
have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.

Reaves first contends that the district court violated Fed.
R. Crim. P. 11 by failing to inform him of a term of special
parole. This contention lacks merit.

---

*    This disposition is not appropriate for publication and may
not be cited to or by the courts of this circuit except as
provided by 9th Cir. R. 36-3.

**   The panel unanimously finds this case suitable for decision
without oral argument. See Fed. R. App. P. 34(a); 9th Cir.
R. 34-4.

"For a section 2255 movant to successfully challenge a guilty plea based upon a violation of Rule 11, he must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewal, 825 F.2d 220, 222 (9th Cir. 1987); see also United States v. Jaramillo-Suarez, 857 F.2d 1368, 1370 n.2 (9th Cir. 1988). The movant must also establish that he was prejudiced in that he was unaware of the consequences of his guilty plea, and, if properly advised would not have pled guilty. See United States v. Timmreck, 441 U.S. 780, 784 (1979); Grewal, 825 F.2d at 222.

Here, the transcript of the 1982 plea hearing is not available. Nevertheless, it is clear from the record that, at the time he pled guilty, Reaves was aware of the special parole term. See Timmreck, 441 U.S. at 784. First, the plea agreement, which Reaves signed, explicitly informed him of the special parole term, stating "pursuant to the terms of this agreement, your client faces a maximum punishment of . . . a life-time special parole term." Next, when sentenced to the special parole term, Reaves did not object. Because Reaves has not shown that he was prejudiced by any alleged failure of the district court to advise him of a special parole term, he is not entitled to relief under section 2255. See id; Grewal, 825 F.2d at 222.

We also reject Reaves contention that the district court was required to hold an evidentiary hearing before denying his section 2255 motion. "The district court may deny a section 2255 motion

- 2 -

without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." See United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (per curiam). This court has found a claim incredible where a section 2255 movant waited fourteen months to inform the court of a "secret" sentencing agreement, did not object when sentenced inconsistently with the alleged agreement, and failed to raise the claim in an earlier Rule 35 motion or two other correspondences with the district court. See United States v. Watts, 841 F.2d 275, 278 (9th Cir. 1987).

Here, Reaves waited eleven years before raising the alleged Rule 11 violation. In addition, he did not mention the alleged violation at sentencing, on direct appeal (when a transcript of the proceedings would presumably have been available), or in his appeal from the revocation of his probation. See United States v. Reaves, No. 93-50035, (9th Cir. July 13, 1993) (unpublished memorandum disposition); United States v. Reaves, No. 92-50434, (9th Cir. Mar. 1, 1993) (unpublished memorandum disposition). Under these circumstances, the district court was not required to hold an evidentiary hearing before denying Reaves section 2255 motion. See Burrows, 872 F.2d at 917; Watts, 841 F.2d at 278.

Reaves next contends the district court erred by sentencing him to serve a special parole term concurrently with a term of imprisonment and a term of probation to be served consecutively with a special parole term. Reaves has waived this claim. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994)

(nonconstitutional sentencing errors that were not raised on direct appeal have been waived and generally may not be reviewed under section 2255). Moreover, we note that this court has already upheld the validity of Reaves sentence on two previous occasions. See Reaves, No. 93-50035; Reaves, No. 92-50434.

Reaves's contention that his conviction violates the Double Jeopardy Clause based on the forfeiture of various airplanes, cars, motorcycles, real estate, and cash, is foreclosed by the United States Supreme Court's decision in United States v. Ursery, 116 S. Ct. 2135, 2149 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause and reversing United States v. $405,089.23, 33 F.3d 1210 (9th Cir. 1994)).[1/] In addition, forfeiture of these items was not an excessive fine: The government submitted ample evidence that the seized items either constituted or were derived from Reaves's illegal activities, and because they were illegally obtained, the worth of the property was "proportional" to the crime. See United States v. Real Property Located in El Dorado County, 59 F.3d 974, 982 (9th Cir. 1995) (holding that excessiveness determination requires inquiry into whether property was "instrumentality" of the crime and whether worth of the property was "proportional"). Finally, we reject Reaves contention that a $10,000 fine offends the Excessive Fines Clause.

---

[1/]   We decline to reach Reaves's contention that his conviction violated the Double Jeopardy Clause on numerous grounds not raised in his section 2255 motion. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir. 1996).

See <u>Alexander v. United States</u>, 509 U.S. 544, 558 (1993) (noting that the Eighth Amendment prohibits fines which are "grossly disproportionate" to the crime committed).

**AFFIRMED.**

ERSON

Court

ATTEST

SEP 00 07

by: _____

Deputy Clerk

- 5 -

INTERNAL USE ONLY: Proceedings include all events.
96-55794 Reaves v. USA

UNITED STATES OF AMERICA
     Plaintiff - Appellee

John S. Gordon, AUSA
213/894-0610
Room 1444-C
[COR LD NTC aus]
USLA - OFFICE OF THE U.S.
ATTORNEY
Criminal Division
312 North Spring Street
Los Angeles, CA 90012

Leon W. Weidman, AUSA
213/894-2879
Room 7516
[LD NTC aus]
USLA - OFFICE OF THE U.S.
ATTORNEY
Civil Division
300 North Los Angeles Street
Los Angeles, CA 90012

v.

WILLIAM ROGER REAVES
     Defendant - Appellant

William Roger Reaves
Reg.# 10312-004
[COR LD NTC prs]
USPL - U.S. PENITENTIARY LOMPOC
3901 Klein Blvd.
Lompoc, CA 93436